UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 PENSION TRUST FUND and TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 TRAINING TRUST FUND, <br>             Plaintiffs, <br><br>     v. <br><br> JGM ENTERPRISES, INC., <br>             Defendant. | CAUSE NO. 2:06-CV-58-PRC |

**OPINION AND ORDER**

This matter is before the Court on two motions: (1) Plaintiffs' Motion For Summary Judgment [DE 16], filed by Plaintiffs Trustees of the Teamsters Union Local No. 142 Pension Trust Fund and Trustees of the Teamsters Union Local No. 142 Training Trust Fund on October 2, 2006; and (2) Plaintiffs' Motion For Sanctions Pursuant To Rule 37(c) And 37(d) For Failure To Make Disclosure And Cooperate In Discovery [DE 18], also filed by Plaintiffs on October 2, 2006. The Court will address the motions in turn.

*1.     Motion For Summary Judgment*

**PROCEDURAL BACKGROUND**

On February 15, 2006, the Plaintiffs, trustees of a multi-employer pension trust fund and training trust fund, respectively, filed the instant collection action pursuant to Sections 502(a)(3), (e)(1), and (f) of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (e)(1), and (f), and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 185(a), alleging that Defendant JGM Enterprises, Inc. ("JGM") failed to pay pension trust fund and training trust fund contributions and related costs as required

by the Collective Bargaining Agreement, Restated Trust Agreement, and Employer Contribution Collection Policy.  On April 6, 2006, Defendant JGM filed an Answer.

On October 2, 2006, the Plaintiffs filed the instant Motion for Summary Judgement.  As of the date of this Order, Defendant JGM has not filed a response.

## STANDARDS

*1.   Summary judgment standard*

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P.56(c).  Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case,
and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law.  In other words, the record must reveal that no reasonable jury could find for the non-moving party."  *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes

2

demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party may discharge its "initial responsibility" by simply " 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials and thereby shift to the non-moving party the burden of showing that an issue of material fact exists. *Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) establishes that "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor

3

of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249-50; *Doe*, 42 F.3d at 443.

*2.    Summary ruling standard*

Local Rule 7.1(a) provides that "[f]ailure to respond or reply within the time prescribed may subject the motion to summary ruling." N.D. Ind. L.R. 7.1(a). The trial court's interpretation and application of its Local Rules is subject to great deference. *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809-10 (7th Cir. 2005); *Cuevas v. U.S.*, 317 F.3d 751, 752 (7th Cir. 2003), *cert. denied*, 540 U.S. 909, 124 S. Ct. 282, 157 L. Ed.2d 197 (2003); *Tenner v. Zurek*, 168 F.3d 328, 331 (7th Cir. 1999). In fact, a trial court has the authority to strictly enforce its Local Rules, even if summary judgment results. *Koszola v. Board of Education*, 385 F.3d 1104, 1109 (7th Cir. 2004); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921-22 (7th Cir. 1994) (upholding the trial court's strict enforcement of local rules on summary judgment); *Franklin v. U.S. Steel Corp.*, No. 2:04-CV-246, 2006 WL 905914, at *1 (N.D. Ind. Apr. 7, 2006); *Jones v. Union Tank Car Co.*, No. 05-CV-22, 2006 WL 1195218, at *1 (N.D. Ind. May 4, 2006).

In turn, Rule 56(e) states that "[w]hen a motion for summary judgment is made an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading." Fed.R.Civ.P. 56(e). The Rule further states that summary judgment, if appropriate, shall be entered against a party who fails to respond as provided in the Rule. *See* Rule 56(e). Thus, summary judgment is appropriate if the non-movant does not respond and the "motion demonstrates that there

4

is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir.1994).

# FACTS[1]

On July 20, 2000, Defendant JGM entered into a Collective Bargaining Agreement ("CBA") with the Plaintiffs. Defendant JGM employed persons represented for collective bargaining purposes by Local No. 142 of the International Brotherhood of Teamsters ("the Union"). In its Answer to the Complaint, Defendant JGM admitted that it was a party to the CBA and was bound by its terms and agreements. *See* Def. Answer, ¶¶ 6, 7. The CBA requires Defendant JGM to make periodic contributions on behalf of its employees to the Pension Trust Fund and Training Trust Fund, in amounts established by the CBA. Specifically, the CBA provides in relevant part:

> Article 9
> Training Fund
>
> Section 1. On work covered by this agreement, the Employer [i.e., Defendant JGM] agrees to pay into Teamster Local No. 142 Training Trust Fund the following amounts per hour. Payment shall be made on the dates, in the manner, form and in accordance with the rules and regulations as adopted by the Trustees of the herein mentioned Training Trust Fund.
>
> | PERIOD | EMPLOYER CONTRIBUTION |
> |---|---|
> | [...] | |
> | 06/01/2001 - 05/31/2002 | ($.35) |
> | 06/01/2002 - 05/31/2003 | ($.35) |
>
> Section 2. The Employer agrees to be bound by the Agreement and Declaration of Trust entered into establishing the Teamsters Union Local No. 142 Training Trust Fund and Participating Employees and by any amendments to said Trust Agreement.

---

[1] Because Defendant JGM has not filed a response or a statement of genuine issues, the Plaintiffs' Statement of Material Facts is taken to exist without controversy. *See* Local Rule 56.1(b). The Court notes that Defendant JGM Enterprises is represented by counsel.

Pl. Compl., Ex. A, at 13 (CBA). For the applicable dates of calendar years 2003-2005, contributions to the Training Trust Fund were required to be paid at the following rates:

| Period | Employer Contribution |
|---|---|
| 06/01/2003 - 05/31/2004 | ($.40) |
| 06/01/2004 - 05/31/2005 | ($.45) |

Pl. Compl., Ex. 1, at 2 (Affidavit of Jay Smith).

As to the Pension Trust Fund, the CBA provides:

> Article 14
> PENSION
>
> The Employer [i.e., Defendant JGM] shall pay the following amounts per hour worked per employee into Teamster Union No. 142 Pension Fund (Fund), and irrevocable trust heretofore created by an Agreement and Declaration of Trust (Trust Agreement) pursuant to a Collective Bargaining Agreement between certain Employers and the Union.
>
> | PERIOD | EMPLOYER CONTRIBUTION |
> |---|---|
> | [...] | |
> | 06/01/2001 - 05/31/2002 | ($3.00) |
> | 06/01/2002 - 05/31/2003 | ($3.50) |

Pl. Compl., Ex. A, at 14 (CBA). For the applicable dates of calendar years 2003-2005, contributions to the Pension Trust Fund were required to be paid at the following rates:

| Period | Employer Contribution |
|---|---|
| 06/01/2003 - 05/31/2004 | ($3.50) |
| 06/01/2004 - 05/31/2005 | ($3.75) |

Pl. Compl., Ex. 1, at 2 (Smith Affidavit).

After entering into the CBA, from approximately January 1, 2002 through March 31, 2005, Defendant JGM failed to pay the required contributions into the Pension Trust Fund and Training Trust Fund. Consequently, Plaintiffs hired Legacy Professionals, LLP to perform a payroll audit of Defendant JGM. The auditor found that Defendant JGM owed the Pension Trust Fund $25,639.00

6

and the Training Trust Fund $2,943.87, in contributions up to the date of the audit. After receiving a copy of the audit report, Defendant JGM still failed to pay the delinquent amounts.

As a signatory to the CBA, Defendant JGM is bound by the Restated Agreement and Declaration of Trust (hereinafter "Trust Agreement"). The Trust Agreement provides that if Defendant JGM is found to be delinquent in contributions, Plaintiffs, as the Trustees, are at liberty to take any steps necessary to collect the funds and Defendant JGM shall pay the costs of an audit, interest on all moneys due, and all expenses of collection incurred by the Trustees, including costs and legal fees. In addition, the Trust Agreement and Employer Contribution Collection Policy (hereinafter "Collection Policy") requires Defendant JGM to pay ten percent (10%) per annum interest on any unpaid contributions pursuant to ERISA, 11 U.S.C. § 1132(g)(2)(C)(I), and to pay liquidated damages in the sum of twenty percent (20%) of the total amount due, as well as legal fees and costs, pursuant to ERISA, 29 U.S.C. § 1132(g)(2)(D).

As of the date of Plaintiffs' Motion, the total amount of interest owed to the Pension Trust Fund is $6,108.70 and the total amount of interest owed to the Training Trust Fund is $695.25. The total amount of liquidated damages is $5,716.57. Legal fees and costs for all collection efforts and litigation to date total $3,835.34. The costs of the payroll audit by Legacy Professionals totals $2,125.00. The total amount owed to the Pension Trust Fund and the Training Trust Fund by Defendant JGM in unpaid contributions, interest, liquidated damages, attorney fees and costs, and audit costs is $47,063.75.

7

**ANALYSIS**

The Plaintiffs, as Trustees of the Pension Trust Fund and Training Trust Fund, have brought their collection Complaint pursuant to the ERISA, as amended, 29 U.S.C. §§ 1132, 1145, and the LMRA, as amended, 29 U.S.C. § 185.  In the instant Motion for Summary Judgment, the Plaintiffs seek an order requiring Defendant JGM to pay all delinquent contributions, interest, liquidated damages, attorney's fees and costs, and audit fees owed to the Plaintiffs, in the amount totaling $47,063.75.

> Section 1145 of ERISA provides:
>
> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.  Section 1132 of ERISA provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--
>
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
> (I) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, *and*
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2) (emphasis added).

In addition, Section 185 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185. Accordingly, here, the Union has the right to enforce monetary obligations incurred by an employer, i.e., Defendant JGM, pursuant to the parties' CBA.

In *Sullivan v. Cox*, 78 F.3d 322 (7th Cir. 1996), an audit revealed delinquent contributions in the amount of $106,746.53, plus penalties and interest, and on that basis, the plaintiff successfully moved for summary judgment on its ERISA claim. *Id* at 324. In that case, the Seventh Circuit held that "ERISA essentially imposes a federal obligation on employers who contractually agree to contribute to employee pension plans. Employers who fail to meet the Section 1145 obligation are liable for federal remedies, court costs, attorney's fees, and liquidated damages or interest under 29 U.S.C. § 1132(g)(2)." *Id*. In another case in which contributions were found to be delinquent, the Seventh Circuit again held that "the appropriate remedy is the delinquent contributions, interest, attorneys fees, and amount equal to the greater of interest (again) or liquidated damages." *See Central States, Southeast and Southwest Areas Pension Fund v. Transport, Inc.*, 183 F.3d 623, 629 (7th Cir. 1999) (citing *Central States, Southeast and Southwest Areas Pension Fund v. Gerber Truck Service, Inc.*, 870 F.2d 1148, 1156 (7th Cir.1989); 29 U.S.C. § 1132(g)(2)).

At all relevant times in this action, Defendant JGM has been bound to the CBA, thereby binding it to the Trust Agreement and Collection Policy.[2] As demonstrated by the audit, Defendant JGM has failed to pay contractually and statutorily required contributions and thus owes to the Pension Trust Fund amounts totaling $25,639.00 and to the Training Trust Fund amounts totaling $2,943.87, for the period of 2002 through March 2005. *See* 29 U.S.C. § 1132(g)(2)(A). In addition, the evidence (Pls. Mot., Ex. 1, Smith Aff.) demonstrates that Defendant JGM owes the following amounts: (1) interest for the unpaid contributions to the Pension Trust Fund in the amount of $6,108.70 and to the Training Trust Fund in the amount of $695.25, as provided by 29 U.S.C. § 1132(g)(2)(B), *see* Smith Aff., ¶ 8; Pls. Mot., Ex. E (Interest Calculation); (2) liquidated damages in the amount of $5,716.57, as provided by 29 U.S.C. § 1132(g)(2)(C)(ii), *see* Smith Aff., ¶ 9; Pls. Mot., Ex. D, ¶ 9 (Collection Policy) ("The assessment for liquidated damages shall be 20% of the total balance then due and owing"); (3) legal fees and costs billed to the Plaintiffs for collection efforts and litigation in the amount of $3,835.34, as provided by 29 U.S.C. § 1132(g)(2)(D), *see* Smith Aff., ¶ 10; and (4) payroll audit fees in the amount of $2,125.00, *see* Smith Aff., ¶ 11; Pls. Mot., Ex. D, ¶ 6 (Collection Policy).[3] As a result, the total amount owed to the Plaintiffs by

---

[2]The CBA provides that it is "effective June 1, 2000, and shall continue in full force and effect until May 31, 2003, and will continue thereafter unless notice is given in writing by either party sixty (60) days prior to May 31, 2003, or sixty (60) days prior to May 31st of any year thereafter and shall remain in full force and effect until superseded by a new Agreement." Pl. Mot., Ex. A, Art. 30 (CBA). Here, Plaintiffs represent, and Defendant fails to dispute, that neither party provided notice that the CBA would not continue.

[3] *See Central States, Southeast and Southwest Areas Pension Fund v. Depew Development, Inc.,* 172 F.3d 52, 1998 WL 894642, *7 (7th Cir. 1998) (Unpublished opinion) (holding that the award of audit fees and costs was proper based on the trust agreement language which entitled the trustees to the recovery of "all expenses of collection incurred by the Trustees" for delinquent contribution). In this matter, the Collection Policy provides: "If an employer is audited on account of a current delinquency, the employer shall be assessed with the cost of the audit." Pl. Mot., Ex. D, ¶ 6 (Collection Policy). Accordingly, the award of audit fees is appropriate here.

Defendant JGM in unpaid contributions, interest, liquidated damages, attorney fees and costs, and payroll audit fees is $47,063.75.  *See* Smith Aff., ¶ 12.

Defendant JGM has not raised any genuine issue of material fact in response to summary judgment and the law supports judgment in favor of the Plaintiffs.  Based on the foregoing facts, the Court finds that no reasonable jury could find for Defendant JGM and thus the Plaintiffs are entitled to judgment as a matter of law.

*2. Motion For Sanctions*

Contemporaneously with its Motion for Summary Judgment, Plaintiffs filed their Motion for Sanctions Pursuant to Rule (c) and 37(d) for Failure to Make Disclosures and Cooperate in Discovery.  In its Motion, Plaintiffs request an order sanctioning Defendant JGM for refusing to cooperate with disclosures and discovery.  More specifically, Plaintiffs allege that Defendant JGM has failed to serve initial disclosures pursuant to Rule 26(a) after repeated requests to do so.  In addition, Plaintiffs allege that Defendant JGM has failed to attend depositions of its party representatives, failed to serve answers to Interrogatories, and failed to respond to Requests for Production of Documents.  As relief, Plaintiffs pray for an order (1) prohibiting the use of evidence by the Defendant at trial, hearing, or on a motion of any witness or information not disclosed pursuant to Rule 26(a); (2) refusing to allow the Defendant to support its defenses or oppose Plaintiffs' claims; (3) striking Defendant's Answer to Plaintiff's Complaint; and (4) entering default judgment against Defendant JGM for its failure to disclose, attend depositions, and respond to discovery.  As of the date of this Order, Defendant JGM has not filed a response.

In light of the Court's ruling on Plaintiffs' Motion for Summary Judgment, the Court denies as moot Plaintiffs' Motion For Sanctions Pursuant To Rule 37(c) And 37(d) For Failure To Make Disclosure And Cooperate In Discovery.

## CONCLUSION

Based on the foregoing and being advised as to the relevant standards for summary judgment and summary ruling, the Court finds that there exists no genuine issue of material fact in this matter and that the Plaintiffs are entitled to summary judgment as a matter of law. Accordingly, the Court now **GRANTS** the Plaintiffs' Motion For Summary Judgment [DE 16]. The Plaintiffs are entitled to payment in the amount of $47,063.75 from Defendant JGM Enterprises, Inc. The Court **DIRECTS** the Clerk of the Court to enter judgment in favor of the Plaintiffs and against the Defendant in that amount.

Further, the Court **DENIES as moot** Plaintiffs' Motion For Sanctions Pursuant To Rule 37(c) And 37(d) For Failure To Make Disclosure And Cooperate In Discovery [DE 18].

The Court **VACATES** all pretrial and trial dates and deadlines.

So ORDERED this 8th day of February, 2007.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:  All counsel of record